**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5092**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CONRAD WAYNE DICKERSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (7:05-cr-00131-BO-1)

Submitted: January 14, 2011     Decided: February 11, 2011

Before GREGORY and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Conrad Wayne Dickerson pled guilty, pursuant to a written plea agreement, to possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). He was sentenced to 130 months' imprisonment. This appeal timely followed.

Dickerson's attorney first submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there were no meritorious grounds for appeal, but questioning whether counsel was ineffective for failing to object to the relevant conduct determination made by the probation officer and adopted by the district court. In the course of our Anders review, we identified two nonfrivolous issues — (1) whether the district court committed plain error in conducting Dickerson's Fed. R. Crim. P. 11 hearing; and (2) whether the district court committed procedural error in failing to explain the reasons for the 130-month sentence it imposed — and directed the parties to submit supplemental briefs addressing those issues. Briefing is now complete, and this case is ripe for disposition.

We first turn to the ineffective assistance of counsel argument raised in counsel's Anders brief. Unless an attorney's ineffectiveness is conclusively apparent on the face of the record, ineffective assistance claims are not generally

2

addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C.A. § 2255 (West Supp. 2010)). Because we find no conclusive evidence on the record that counsel rendered ineffective assistance, we decline to consider this claim on direct appeal.

We next consider the validity of Dickerson's guilty plea. Prior to accepting a guilty plea, a trial court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he relinquishes by pleading guilty. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

There were several omissions in Dickerson's plea colloquy. First, Dickerson was not advised that his statements at the hearing could be used in a prosecution for perjury, as required by Fed. R. Crim. P. 11(b)(1)(A). The district court did not particularize the nature of the offense to which Dickerson was pleading guilty, as required by Fed. R. Crim. P. 11(b)(1)(G). Further, the district court made only cursory mention of Dickerson's appellate waiver, thus failing to discuss

3

the particular terms of the waiver and to question Dickerson to ensure his understanding of those terms. See Fed. R. Crim. P. 11(b)(1)(N). The district court also failed to inform Dickerson that it would consult the advisory Sentencing Guidelines and the statutory sentencing factors in determining his sentence, and that it had the authority to vary from the Sentencing Guidelines. Id. at (b)(1)(M). Finally, the district court neglected to inform Dickerson of its obligation to impose a special assessment. Id. at (b)(1)(L).

Because Dickerson did not move to withdraw his guilty plea or otherwise object to these omissions, this court's review is for plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009) (stating standard of review for unpreserved Rule 11 error). To establish plain error, Dickerson "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." Massenburg, 564 F.3d at 342-43. To demonstrate impact on his substantial rights, Dickerson must show that, but for the Rule 11 errors, individually or collectively, he would not have pled guilty. See United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002). Even if such error is found, "[t]he decision to correct the error lies within our discretion, and we exercise that discretion only if the error seriously affects the fairness, integrity or public

4

reputation of judicial proceedings." Massenburg, 564 F.3d at 343 (internal quotation marks omitted).

Although he identifies many of the aforementioned omissions, Dickerson's primary contention appears to be that he would not have pled guilty had he known the court would determine, at sentencing, that his offense involved the distribution of seven grams of crack cocaine (as opposed to powder cocaine). We reject this argument as it erroneously conflates the guilty plea and sentencing proceedings, which are distinct. The voluntariness of a defendant's decision to plead guilty cannot turn on the court's sentencing determinations. We further conclude there is nothing in the record to indicate that, but for the district court's omissions in the Rule 11 hearing, Dickerson would not have pled guilty. Dickerson thus fails to satisfy the challenging burden of establishing plain error. See Puckett v. United States, 129 S. Ct. 1423, 1429 (2009). Accordingly, we affirm Dickerson's conviction.

Finally, we turn to Dickerson's challenge to the procedural reasonableness of his sentence. In its supplemental brief, the Government moves to dismiss this aspect of Dickerson's appeal as precluded by the appellate waiver contained in Dickerson's plea agreement. For the reasons that follow, we grant the Government's motion and dismiss the appeal as to this issue.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169. To determine whether a waiver is knowing and intelligent, this court examines the background, experience, and conduct of the defendant. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Generally, if the district court fully questions a defendant regarding the waiver during the Rule 11 plea colloquy, the waiver is both valid and enforceable. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). Ultimately, however, the issue is "evaluated by reference to the totality of the circumstances." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).

The primary issue in this case is whether the waiver is knowing and voluntary in light of the district court's failure to meaningfully discuss it on the record. Dickerson's plea agreement contained a broad waiver-of-rights provision in

6

which Dickerson waived his right "to appeal whatever sentence is imposed," so long as the sentence was within the advisory Guidelines range. This clear and unambiguous waiver was set forth in Dickerson's plea agreement, which Dickerson signed. Dickerson testified at his Rule 11 hearing that he had read the plea agreement and discussed it with his lawyer. Dickerson, who was then twenty years old, had completed the tenth grade and was literate in English; further, there were no issues as to his competency. Finally, although the court did not detail the terms of the waiver or question Dickerson to ensure he understood those terms, it did inform Dickerson that he had waived his right to appeal.

We recognize that the sufficiency of the district court's explanation of a waiver is an "important factor" in determining whether the waiver was knowingly and intelligently accepted, see Manigan, 592 F.3d at 627, and that there was no substantive explanation here. However, in light of the totality of the circumstances, we conclude Dickerson knowingly and intelligently agreed to the appellate waiver. See General, 278 F.3d at 400-01. As the waiver is valid and Dickerson's challenge to the reasonableness of his within-Guidelines sentence falls soundly within the scope of the waiver, we will enforce the waiver to grant the Government's motion to dismiss. See Blick, 408 F.3d at 169.

For these reasons, we affirm the district court's judgment as to Dickerson's conviction, grant the Government's motion to dismiss as to Dickerson's appeal of his sentence, and dismiss that aspect of this appeal. In accordance with Anders, we have reviewed the record and find no other meritorious issues. This court requires that counsel inform Dickerson, in writing, of the right to petition the Supreme Court of the United States for further review. If Dickerson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dickerson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART